IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REBECCA S. HUNTER, SANDY M.
HOLMES, SHAUN A. HIERS, FRANK
THOMAS, KENNETH F. WAITS,
REBECCA J. BRIDGEMAN, DOYLE
LYNN HAMMOCK, MICHAEL W.
O'SHIELDS, TAYLOR A. DAVIS,
STEVEN JAKES, and WILLIAMS
MITCHELL KINCAID,

        Plaintiffs,

v.

ELDRIN BELL, individually and
in his official capacity as
Chairman of the Clayton County,
Georgia Board of Commissioners,
SONNA SINGLETON, GAIL HAMBRICK,
WOLE RALPH, and MICHAEL
EDMONDSON, each individually
and in their official
capacities as Clayton County,
Georgia Commissioners, and
RENEE BRIGHT, individually and
in her official capacity as
Personnel Director, Clayton
County, Georgia,

        Defendants.

CIVIL ACTION NO.

1:09-CV-1878-JEC



### ORDER AND OPINION

This action is presently before the Court on plaintiffs' Motion to Reconsider [24]. The Court has reviewed the record and the arguments of the parties and, for the following reasons, **DENIES** plaintiffs' Motion to Reconsider [24].

## BACKGROUND

The Court described in detail the facts underlying this case in its previous order granting defendants' motion to dismiss. Briefly, plaintiffs are officers of the Clayton County Police Department who claim that they were denied promotions as a result of the County's settlement of a race discrimination lawsuit (the "*Massengale* litigation") brought by deputies of the Clayton County Sheriff. (Compl. [1] at ¶¶ 2, 20.) Pursuant to the terms of the settlement, the Clayton County Board of Commissioners ("the Board") created seven new lieutenant positions in the Clayton County Police Department. (*Id.* at ¶ 21.) The positions were filled by the deputies who were plaintiffs in the *Massengale* case, rather than by officers of the Police Department who were on promotional rosters at the time of the settlement. (*Id.* at ¶¶ 13-14, 23-25.)

Following an unsuccessful petition for writ of mandamus in the Clayton County Superior Court, plaintiffs initiated this lawsuit. (*Id.* at ¶¶ 33-34.) Among other claims, plaintiffs asserted a federal constitutional claim under the Due Process Clause. (*Id.* at ¶¶ 38-50.) Defendants filed a motion to dismiss the Due Process claim, which the Court granted. (Order [22].) The Court held that plaintiffs could not show that they had been deprived of a constitutionally protected property or liberty interest because the disputed positions were specifically created to effectuate the

2

*Massengale* settlement. (*Id.* at 6-7.) In addition, the Court found that the promotions were prospective and uncertain, and thus foreclosed from constitutional protection under well-established Georgia law. (*Id.*)

Plaintiffs filed both an appeal to the Eleventh Circuit and a motion for reconsideration of the Court's ruling on their Due Process claim. (Pl.'s Mot. for Reconsideration [24] and Notice of Appeal [25].) The appeal is pending in the Eleventh Circuit. The motion for reconsideration is presently before the Court.

**DISCUSSION**

Local Rule 7.2(E) authorizes a motion for reconsideration when "absolutely necessary." LR 7.2(E) NDGa. A motion for reconsideration is not an appropriate mechanism to set forth new theories of law, or introduce new evidence, unless the evidence was previously unavailable. *Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010). Likewise, parties cannot use a motion for reconsideration to "relitigate old matters" or "raise argument[s] . . . that could have been raised" earlier. *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). However, reconsideration may be necessary where there is: (1) an intervening change in the controlling law; (2) newly discovered evidence; or (3) a need to correct clear error or prevent manifest injustice. *Delaware Valley*, 597 F.3d at 1383.

3

Plaintiffs do not cite any newly discovered evidence or intervening case law in support of their motion for reconsideration. (Pls.' Mot. for Reconsideration [24].) Instead, plaintiffs suggest that the Court's Due Process ruling was based on "clear errors of fact." (*Id.* at 2.) Specifically, plaintiffs challenge the Court's findings that (1) the disputed positions were created as a result of the *Massengale* settlement and (2) the contested promotions were prospective and uncertain, as evidenced by the fact that the number of names on the promotional roster exceeded the number of available positions. (*Id.*) According to plaintiffs, both findings are contrary to the factual allegations of the complaint. (*Id.* at 3-6.)

Plaintiffs did not raise either of the above issues in the original briefing on defendants' motion to dismiss. (Pls.' Br. in Resp. to Defs.' Mot. to Dismiss [14] at 5-13.) Indeed, in their response, plaintiffs themselves characterized the disputed positions as created "[t]o implement the [*Massengale*] settlement." (*Id.* at 2.) That characterization is confirmed by several exhibits to the complaint, including the Board's resolution authorizing funding for the positions and the Clayton County Civil Service Board's decision on plaintiffs' administrative appeal. (Compl. [1] at Exs. 4, 7.)

As to the number of available positions, the promotional roster that is attached to the complaint shows that there were nine officers eligible for promotion at the time of the *Massengale* settlement, but

4

only seven vacancies. (*Id.* at Ex. 2.) Plaintiffs did not contest the validity of these numbers in their response to defendants' motion to dismiss. (Pls.' Br. in Resp. to Defs.' Mot. to Dismiss [14] at 5-13.) Moreover, the Clayton County Civil Service Rules, which are attached to the complaint as part of the Civil Service Board's decision on plaintiffs' administrative appeal, clearly state that presence on a promotional roster does not vest in any individual a right to a promotion. (Compl. [1] at Ex. 7, ¶ 23.)

Having reviewed the complaint and its exhibits, the Court is satisfied that its ruling on plaintiffs' Due Process claim is not based on a "clear error" of fact. Plaintiffs have not presented any other legitimate basis for reconsideration of that ruling. *See Michael Linet,* 408 F.3d at 763 (precluding the use of a motion to reconsider for "rais[ing] argument[s] . . . that could have been raised" earlier). Accordingly, plaintiffs' motion for reconsideration is **DENIED**.

CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiffs' Motion to Reconsider [24].

SO ORDERED, this 5 day of January, 2011.

_____<br>
JULIE E. CARNES<br>
CHIEF UNITED STATES DISTRICT JUDGE

5